IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J. DANA TSAKANIKAS, *et al.*,

Plaintiffs,

vs.

Case No. 2:11-CV-888
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

JP MORGAN CHASE BANK N.A.,

Defendant.

## OPINION AND ORDER

This is an action for damages under the Real Estate Settlement Procedures Act, 12 U.S.C.

§ 2601, *et seq.* ("RESPA"), brought by plaintiffs J. Dana Tsakanikas and Kelly L. Tsakanikas

against defendant JP Morgan Chase Bank N.A. This matter is before the Court for consideration

of Defendant's Motion for Judgment on the Pleadings Dismissing Plaintiffs' Complaint

("Defendant's Motion for Judgment on the Pleadings"), Doc. No. 11, Plaintiffs' Motion for

Leave to File an Amended Complaint ("Plaintiffs' Motion to Amend"), Doc. No. 14, Defendant's

Motion for Protective Order Staying Discovery ("Defendant's Motion to Stay"), Doc. No. 21,

and Plaintiffs' Motion to Strike Defendant's Motion for Protective Order Staying Discovery

("Plaintiffs' Motion to Strike"), Doc. No. 24. For the reasons that follow, Defendant's Motion

for Judgment on the Pleadings is **GRANTED**, Plaintiffs' Motion to Amend is **DENIED**,

Defendant's Motion to Stay is **DENIED AS MOOT**, and Plaintiffs' Motion to Strike is

**DENIED**.

# I. BACKGROUND

Plaintiffs filed their Complaint, Doc. No. 1, on October 6, 2011, alleging that defendant violated RESPA by failing to properly respond to their qualified written request ("QWR"). The Preliminary Pretrial Order, Doc. No. 9, set March 23, 2012 as the deadline for the parties to file motions to amend the pleadings. Defendant filed Defendant's Motion for Judgment on the Pleadings, Doc. No. 11, on May 4, 2012. On May 23, 2012, two months after the deadline to file motions to amend the pleadings, plaintiffs filed Plaintiffs' Motion to Amend. Defendant filed Defendant's Motion to Stay on June 22, 2012, and plaintiffs filed Plaintiffs' Motion to Strike on July 2, 2012.

## II. PLAINTIFFS' MOTION TO AMEND
### AND
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

A.    **Standards**

Plaintiffs' Motion to Amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the

2

amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

**B.    Discussion**

Plaintiffs' Motion to Amend was filed two months after the deadline set in the Preliminary Pretrial Order. Despite the delay in seeking an amendment, there is no indication of bad faith on the part of plaintiffs, this is the first amendment sought, and granting the motion

3

should not affect the discovery deadlines or deprive defendant of the opportunity to meaningfully defend against the new damage allegations. Also, the case has not progressed to the point where plaintiffs' new damage allegations would unfairly recast the essential nature of the case. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). These factors all weigh in favor of permitting plaintiff to amend the Complaint. Even so, the Court declines to permit plaintiffs to amend the Complaint, because to do so would be futile.

Defendant asserts that plaintiffs' attempt to amend the Complaint is futile because plaintiffs' proposed Amended Complaint, Doc. No. 15, fails to satisfy RESPA's damages pleading requirement. *See* Defendant's Memorandum in Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint, Doc. No. 19, at 6-10. For the same reason, Defendant submits that its Motion for Judgment on the Pleadings should be granted. Plaintiff asserts that its claim survives Defendant's Motion for Judgment on the pleadings and that amendment is not futile because it has sufficiently plead actual damages under RESPA. *See* Plaintiffs' Reply to Defendant's Memorandum Contra Motion for Leave to File an Amended Complaint, Doc. No. 22. Resolution of this issue will resolve the Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion to Amend.

RESPA sets forth the duties of a loan servicer after receiving certain written inquiries from a mortgagor. Servicers must respond to a QWR from a mortgagor within 20 days of receipt. 12 U.S.C. § 2605(e)(1)(A). Within 60 days of receipt, a servicer must either make corrections to the mortgagor's account, explain why the servicer believes its records are correct, or provide the information requested by the mortgagor. *Id.* at § 2605(e)(2). The servicer is also restricted, for 60 days from receiving the QWR, from providing certain information about the

4

mortgagor to credit agencies. *Id.* at § 2605(e)(3).

> A servicer who fails to comply with these provisions is liable to the mortgagor for
> an amount equal to the sum of--
>
> (A) any actual damages to the borrower as a result of the failure; and
>
> (B) any additional damages, as the court may allow, in the case of a pattern or
> practice of noncompliance with the requirements of this section, in an amount not to
> exceed $1,000.

*Id.* § 2605(f)(1). The servicer is also liable for "the costs of the action, together with any

attorneys fees incurred in connection with such action as the court may determine to be

reasonable under the circumstances." *Id.* § 2605(f)(3).

Recovery under RESPA requires more than establishing a violation; a plaintiff must

suffer actual, demonstrable damages, and the damages must occur "as a result of" that specific

violation. *See Eichholz v. Wells Fargo Bank, NA*, No. 10-cv-13622, 2011 WL 5375375, at *5

(E.D. Mich. Nov. 7, 2011) (quoting 12 U.S.C. § 2605(f)(1)(A)); *accord Webb v. Chase

Manhattan Mortg. Corp.*, No. 2:05-CV-0548, 2008 WL 2230696, at *14 (S.D. Ohio May 28,

2008). Therefore, a plaintiff asserting a RESPA violation must allege actual damages that are

causally related to a failure to properly respond to a QWR. *See BAC Home Loans Servicing LP

v. Fall Oaks Farm, LLC*, 848 F. Supp. 2d 818, 830 (S.D. Ohio 2012) (quoting *Bajwa v. John

Adams Mortg. Co.*, No. 11-CV-12183-DT, 2011 WL 6009266, at *5 (E.D. Mich. Nov. 30,

2011)); *Houston v. U.S. Bank Home Mortg. Wis. Servicing*, No. 10-13780, 2011 WL 4905533, at

*5 (E.D. Mich. Oct. 14, 2011) (quoting *Soriano v. Countrywide Home Loans, Inc.*, No.

09-02415, 2011 WL 1362077, at *6 (N.D. Cal. Apr. 11, 2011)).

The Amended Complaint alleges two categories of actual damages: the costs of sending

the QWR and emotional distress.  Specifically, plaintiffs allege that they "suffered actual damages in an amount equal to the time and effort expended, and the expenses accrued in connection with preparing and submitting the QWR, including expenses for preparing, photocopying, sending the QWR via certified mail, and obtaining all copies of the correspondence.  Plaintiffs paid $136.40 for these services."  Amended Complaint, at ¶ 32. Plaintiffs also allege that they "suffered emotional distress due to Defendant's failure to provide all of the information requested within the QWR, as Plaintiffs became anxious as to whether foreclosure would occur."  *Id.* at ¶ 32.  Both allegations of damages are insufficient to withstand a motion to dismiss.

The costs of preparing and sending a QWR to a loan servicer do not constitute actual damages under 12 U.S.C. § 2605.  Plaintiffs cite to *Rawlings v. Dovenmuehle Mortg., Inc.*, 64 F. Supp. 2d 1156 (M.D. Ala. 1999); *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666 (E.D. Pa. May 2, 2000); *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809 (N.D. Ill. 2001); and *Price v. America's Servicing Co.*, 403 B.R. 775 (Bankr. E.D. Ark. 2009), for the proposition that the cost of sending a QWR constitutes actual damages under RESPA.  *Cortez* does not support plaintiffs' proposition because *Cortez* analyzed damages that occurred after a RESPA violation.  *See Cortez*, 2000 WL 536666 at *12 (analyzing damages that resulted from an inability to access a credit line after a RESPA violation).  Additionally, all of the cases cited by plaintiffs rely on *Rawlings; see Cortez*, 2000 WL 536666 at *12 (citing *Rawlings*); *Johnstone*, 173 F. Supp. 2d at 816 (quoting the portion of *Cortez* that cites to *Rawlings*); *Price*, 403 B.R. at 793 (citing the portion of *Johnstone* that quotes *Cortez*, which was citing *Rawlings*); but *Rawlings* did not directly address whether the cost of sending a QWR satisfies the damages

6

pleading requirement of RESPA. This is because the defendant in *Rawlings* admitted that the plaintiff suffered "out of pocket expenses for photocopies, secretarial work and travel (to the post office to obtain certified correspondence), as a result of [a] R.E.S.P.A. violation." *Rawlings*, 64 F. Supp. 2d at 1164. It is also unclear whether the correspondence referred to in *Rawlings* occurred prior to or after a RESPA violation. *See id.* at 1160, 1164. The cases cited by plaintiffs are not binding on the Court, and the Court finds them unpersuasive in light of the text of RESPA and *Webb v. Chase Manhattan Mortg. Corp.*, No. 2:05-cv-0548, 2008 WL 2230696 (S.D. Ohio May 28, 2008).

The costs plaintiffs incurred in preparing and sending the QWR are not actionable because they were incurred before the alleged RESPA violation, and because plaintiffs would have incurred the costs regardless of whether or not defendant's response to the QWR was deficient. *See Webb*, 2008 WL 2230696 at *14 (finding that the alleged damages could not be caused by a RESPA violation because they were incurred prior to the violation). Just like the costs of filing suit do not satisfy RESPA's actual damages requirement under section 2605(f), the costs of sending a QWR do not satisfy the actual damages requirement. *See Kevelighan v. Trott & Trott, P.C.*, No. 09-12543, 2011 WL 2076336, at *4 (E.D. Mich. May 26, 2011) ("Allowing the costs of filing suit to satisfy the actual damages requirement of § 2605(f) would render the phrase 'as a result of the failure' superfluous, as a borrower would incur such damages simply by filing her action."). To hold otherwise would render unnecessary the requirement that damages be "a result of" the RESPA violation, because every mortgagor who sent a QWR would suffer actual damages simply by sending the request and regardless of whether the loan servicer's response was deficient. Accordingly, plaintiffs' allegations relating to the costs of sending the

QWR are insufficient to satisfy RESPA's damage pleading requirement.

Plaintiffs' allegations of emotional distress are also insufficient. Courts are split on whether RESPA allows for the recovery of emotional distress damages. *Compare Rawlings*, 64 F. Supp. 2d at 1166–67(citing cases holding that emotional distress damages are available under RESPA) *with Katz v. Dime Sav. Bank, FSB*, 992 F. Supp. 250, 255–56 (W.D. N.Y. 1997) (holding that non-pecuniary damages are not available under RESPA). The Court need not consider whether emotional distress damages are recoverable under RESPA because the damages pled by plaintiffs are deficient in other ways.

Plaintiffs' Amended Complaint fails to plead emotional distress damages with sufficient specificity. Plaintiffs allege suffering "emotional distress" and "becom[ing] anxious"; however, the Amended Complaint is devoid of factual allegations regarding the distress and anxiety. *See* Amended Complaint, at ¶ 33. Also, merely becoming anxious does not constitute emotional distress. "Recoverable emotional distress requires a 'highly unpleasant mental reaction' . . . because 'the law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.'" *Eichholz*, 2011 WL 5375375 at \*5 (quoting Restatement (Second) of Torts § 46). Just like suffering a "range of intense, negative emotions" does not rise to the level of actionable emotional distress, "becoming anxious" does not constitute emotional distress. *See id.*

Plaintiffs also fail to allege that the emotional stress was a result of a RESPA violation. Plaintiffs allege that, as a result of "Defendant's failure to provide all of the information requested," they "became anxious as to whether foreclosure would occur." Amended Complaint, at ¶ 33. Plaintiffs' alleged anxiety was due to the possibility of foreclosure, which results from

8

an alleged failure to comply with loan terms, rather than defendant's alleged RESPA violation. *See Houston*, 2011 WL 4905533 at *6 (rejecting emotional distress damages because a response to a QWR was not causually connected to the foreclosure, which resulted from failure to pay); *Lawther v. Onewest Bank*, No. 10–0054, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (S.D. Cal. 2009) (finding that the plaintiff's loss of property appeared to have been caused by his default and not the alleged RESPA violations); *Lee v. Equifirst Corp.*, No. 3:10–809, 2010 WL 4320714, at *9 (M.D. Tenn. Oct. 26, 2010) ("It is clear that the foreclosure was caused by the plaintiff's inability to pay the amount she owed; knowledge of why certain payments were applied in certain ways [the information she sought in her unanswered QWR] had no effect on the her ability to make loan payments"). Plaintiffs do not allege that defendant's alleged RESPA violation caused foreclosure or that it could result in foreclosure. Plaintiffs have failed to allege facts linking plaintiffs' anxiety and emotional distress to the alleged deficiencies in defendant's response to the QWR; therefore, plaintiffs have failed to allege emotional distress damages causally related to the alleged RESPA violation.

The Court concludes that plaintiffs have not alleged, apart from threadbare, conclusory recitals, that they suffered damages actionable under RESPA or that their alleged damages are causally related to a RESPA violation. The alleged damages, even taken as true, simply do not rise to the level of being actionable under RESPA. Accordingly, Plaintiffs' Motion to Amend is futile, and thus, it is **DENIED** and Defendant's Motion for Judgment on the Pleadings is **GRANTED**.

9

### III. PLAINTIFFS' MOTION TO STRIKE

Plaintiffs' Motion to Strike seeks sanctions and an order striking Defendant's Motion to Stay on the ground that defendant allegedly disclosed a privileged and confidential communication made during a Court-ordered Alternative Dispute Resolution ("ADR") proceeding. Plaintiffs' Motion to Strike, at 1. In certifying that it made a good faith effort to resolve the discovery dispute without court action, defendant stated that "[o]n June 11, 2012, at the conclusion of settlement week mediation, counsel for Chase reiterated the position that a stay was still appropriate. Counsel for Plaintiffs disagreed, indicating that he was not inclined to make things easy on Chase, and demanding responses within two weeks . . . ." Certification of Good Faith Effort to Resolve ("Defendant's Certification"), attached to Defendant's Motion to Stay. Plaintiffs assert that this statement was disclosed in violation of Local Rule 16.3.

Local Rule 16.3(c) provides in pertinent part:

(1) In addition to Fed. R. Evid. 408, and any other applicable privilege, pursuant to 28 U.S.C. § 652(d) evidence of conduct or statements made in settlement negotiations is not admissible to prove liability for or invalidity of a claim or its amount. In order to promote candor and protect the integrity of this Court's ADR processes, in addition to other protections afforded by law all communications made by any person (including, but not limited to parties, counsel, and judicial officers or other neutral participants) during ADR proceedings conducted under the authority of this Court are confidential, and are subject to disclosure only as provided in subsection (c)(3) of this Rule. . . .

(2) Communications deemed confidential by this Rule include, but are not limited to, statements or expressive conduct occurring during the ADR proceeding itself, such as offers to compromise, statements about the value of a case or claim, statements about the strength or weakness of a claim or defense, and statements concerning the possible resolution of all or part of a case. Confidential communications also include communications made in connection with selecting an ADR process, initiating the process, and selecting or retaining a mediator or other neutral.

S.D. Ohio Civ. R. 16.3(c)(1), (2). Rule 16.3(c) "relates to the admission of evidence of conduct

10

or statements 'to prove liability for or invalidity of a claim or its amount.'" *Zep Inc. v. Midwest Motor Supply Co.*, No. 2:09-cv-760, 2010 WL 2105365, at *3 (S.D. Ohio May 25, 2010) (finding that Local Rule 16.3 did not prohibit submission of any statements contained in a declaration because the statements were "not offered . . . to prove liability on the underlying claims or the amount those claims are allegedly worth") (quoting S.D. Ohio Civ. R. 16.3(c)); *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) ("There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. . . . [F]or settlement talks to be effective, parties must . . . [be] confident that their proposed solutions cannot be used on cross examination, under the ruse of 'impeachment evidence,' by some future third party.").

In the instant action, the alleged improper statement was made in Defendant's Certification, to certify, as required by Fed. R. Civ. P. 26(c)(1), that defendant made a good faith attempt to confer with the plaintiffs to resolve the discovery dispute without court action. The statement was not made to prove liability for or invalidity of a claim or its amount. Accordingly, defendant's inclusion of the statement in Defendant's Certification does not violate Local Rule 16.3, and Plaintiff's Motion to Strike is **DENIED**.

## IV. DEFENDANT'S MOTION TO STAY

Defendant's Motion to Stay seeks a protective order staying all discovery pending resolution of Defendant's Motion for Judgment on the Pleadings and Plaintiffs' Motion to Amend. Because the Court disposes of these two motions, Defendant's Motion to Stay has been rendered moot, and is therefore **DENIED AS MOOT**.

11

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings, Doc. No. 11, **DENIES** Plaintiffs' Motion for Leave to Amend the Complaint, Doc. No. 14, **DENIES AS MOOT** Defendant's Motion to Stay, Doc. No. 21, and **DENIES** Plaintiffs' Motion to Strike, Doc. No. 24.

**IT IS SO ORDERED.**

_12-4-2012_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**